

RECEIVED

FEB 1 8 2009

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION



NO. 5:08-CR-277-D1

UNITED STATES OF AMERICA      )
                              )
          v.                  )      MEMORANDUM OF PLEA AGREEMENT
                              )
DOMINIQUE RODERICK MILLER     )

The United States of America ("United States"), by and through the United States Attorney for the Eastern District of North Carolina ("USA-EDNC"), and the Defendant, with the concurrence of the Defendant's Attorney, ~~Jane E. Pearce~~, have agreed that the above-captioned case should be concluded in accordance with this Memorandum of Plea Agreement as follows:

1.    This Memorandum constitutes the full and complete record of the Plea Agreement. There are no other agreements between the parties in addition to or different from the terms herein.

2.    The Defendant agrees:

      a.    To plead guilty to the Indictment herein.

      b.    To make restitution to any victim, in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663 and 3663A. Said restitution shall be due and payable immediately.

      c.    To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

      d.    To knowingly and expressly waive any and all

SCANNER

rights, under the Fifth and Sixth Amendments to the United States Constitution and any cases interpreting them, to have the existence and applicability of any prior convictions (1) charged in the indictment, (2) submitted to a jury, and (3) proved beyond a reasonable doubt. See Shepard v. United States, 125 S. Ct. 1254, 1263 n.5 (2005). The defendant hereby consents to having the existence and applicability of any such convictions decided by the sentencing judge based on a preponderance of the evidence. The defendant reserves the right to contest at sentencing the existence of any such prior conviction and whether such conviction qualifies to increase the statutory minimum and maximum sentence, but consents to the resolution of any such objection by the sentencing judge using a preponderance-of-the-evidence standard.

e.  To waive all rights, whether asserted directly or through a representative, to request or receive from the United States any records pertaining to the investigation or prosecution of this matter, except as provided in the Federal Rules of Criminal Procedure. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

f.  To assist the United States in the recovery and forfeiture of any assets which facilitated and/or were acquired through unlawful activities, including all such assets in which the Defendant has any interest or control.

g.  To pay a special assessment of $100.00 for each count, pursuant to the provisions of 18 U.S.C. § 3013. If the assessment is not paid at sentencing, the Defendant agrees (1) that the assessment is payable in full immediately, and (2) to participate in the Inmate Financial Responsibility Program while incarcerated.

h.  To complete and submit, if requested, a financial statement under oath to the Office of the USA-EDNC no later than two weeks after the entry of the guilty plea.

i.  To abide by any conditions of release pending sentencing and report timely for service of

sentence.

j.  Whenever called upon to do so by the United States,
    (1) to disclose fully and truthfully in interviews
    with Government agents information concerning all
    conduct related to the Indictment, and any other
    crimes of which the Defendant has knowledge, and
    (2) to testify fully and truthfully in any
    proceeding. These obligations are continuing ones.
    The Defendant agrees that all of these statements
    can be used against the Defendant at trial if the
    Defendant is allowed to withdraw the guilty plea.

k.  If the Defendant provides false, incomplete, or
    misleading information or testimony, this would
    constitute a breach of this Agreement by the
    Defendant, and the Defendant shall be subject to
    prosecution for any federal criminal violation.
    Any information provided by the Defendant may be
    used against the Defendant in such a prosecution.

l.  To submit to a polygraph examination whenever
    requested by the Office of the USA-EDNC. The
    results of these examinations will be admissible
    only at the Defendant's sentencing, and at any
    hearing as to whether there has been a breach of
    this agreement. The United States may rely on
    these results in determining whether the Defendant
    has fulfilled any obligation under this Agreement.

m.  To knowingly and expressly waive any and all
    rights, under the Fifth and Sixth Amendments to the
    United States Constitution and any cases
    interpreting them, to have the existence and
    applicability of any prior convictions (1) charged
    in the indictment, (2) submitted to a jury, and (3)
    proved beyond a reasonable doubt. The defendant
    hereby consents to having the existence and
    applicability of any such convictions decided by
    the sentencing judge based on a preponderance of
    the evidence. The defendant reserves the right to
    contest at sentencing the existence of any such
    prior conviction and whether such conviction
    qualifies to increase the statutory minimum and
    maximum sentence, but consents to the resolution of
    any such objection by the sentencing judge using a
    preponderance-of-the-evidence standard.

3.  The Defendant understands, agrees, and admits:

a.  That as to the Indictment to which the Defendant is
    pleading guilty, the charges, code sections,
    elements, and applicable penalties are as follows:

(1)  Felon in Possession of a Firearm

(2)  Code section violated:    18 U.S.C. §§ 922(g)(1) and
     924

(3)  Elements:

     First:    That the defendant knowingly possessed
               the firearm as described in the
               Indictment;

     Second:   That the defendant had been previously
               convicted of a crime punishable by
               imprisonment for term exceeding one year;
               and

     Third:    That the possession was in or affecting
               interstate commerce.

(4)  Maximum term of imprisonment:    Ten years

(5)  Minimum term of imprisonment:    None

(6)  Maximum term of supervised release: Three years

(7)  Maximum term of imprisonment upon
     revocation of supervised release:    Two years

*IF THE DEFENDANT IS SUBJECT TO SENTENCING PURSUANT TO
THE ARMED CAREER CRIMINAL ACT, 18 U.S.C. § 924(E)

(8)  Maximum term of imprisonment:    Life

(9)  Minimum term of imprisonment:    Fifteen years

(10) Maximum term of supervised release: Five years

(11) Maximum term of imprisonment upon
     revocation of supervised release:    Five years

IN ALL CASES

(12) Maximum fine:    $250,000

(13) Restitution pursuant to 18 U.S.C. §§ 3663 and
     3663A, and as agreed to in Paragraph 2(b) above.

(14) Special assessment: $100.

b.   That any sentence imposed will be without parole.

c.   That the Court will take into account, but is not
     bound by, the applicable United States Sentencing
     Guidelines, that the sentence has not yet been
     determined by the Court, that any estimate of the
     sentence received from any source is not a promise,
     and that even if a sentence up to the statutory
     maximum is imposed, the Defendant may not withdraw
     the plea of guilty.

d.   That, unless Defendant is found unable to pay, the
     Court will impose a fine, and failure to pay it
     will subject Defendant to additional criminal and
     civil penalties pursuant to 18 U.S.C. §§ 3611-14.

4.   The United States agrees:

a.   That it reserves the right to make a sentence
     recommendation.

b.   That it reserves the right at sentencing to present
     any evidence and information pursuant to 18 U.S.C.
     § 3661, to offer argument or rebuttal, to recommend
     imposition of restitution, and to respond to any
     motions or objections filed by the Defendant.

c.   That the USA-EDNC will not further prosecute the
     Defendant for conduct constituting the basis for
     the Indictment; however, this obligation is limited
     solely to the USA-EDNC and does not bind any other
     state or federal prosecuting entities.

d.   That it will make known to the Court at sentencing
     the full extent of the Defendant's cooperation, but
     the United States is not promising to move for
     departure pursuant to U.S.S.G. §5K1.1, 18 U.S.C. §
     3553(e), or Fed. R. Crim. P. 35.

e.   Pursuant to U.S.S.G. §1B1.8, that self-
     incriminating information provided by the Defendant
     pursuant to this Agreement shall not be used
     against the Defendant in determining the applicable
     Guideline range, except as provided by §1B1.8 and
     except as stated in this Agreement. The United
     States will not, however, withhold from the United
     States Probation Office any evidence concerning

relevant conduct.

f. That the USA-EDNC agrees not to use any information provided by the Defendant pursuant to this agreement to prosecute him for additional crimes, except for crimes of violence, and not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

5. The parties agree to the following positions as to the below-listed sentencing factors only, which are not binding on the Court in its application of the advisory Guideline range; provided that if Defendant's conduct prior to sentencing changes the circumstances with respect to any such factors, the United States is no longer bound to its positions as to those factors:

a. A downward adjustment of 3 levels for acceptance of responsibility is warranted under USSG §3E1.1.

This the ⁷ᵗʰ day of February, 2009.

GEORGE E. B. HOLDING
United States Attorney

DOMINIQUE RODERICK MILLER
Defendant

BY:
YVONNE V. WATFORD-MCKINNEY
Assistant United States Attorney
Criminal Division

TERRY F. ROSE
Attorney for the Defendant

APPROVED, this 23 day of February, 2009.

JAMES C. DEVER, III
UNITED STATES DISTRICT JUDGE